DALE M. FIOLA  SBN 76397
Attorney at Law
200 North Harbor Boulevard, Suite 217
Anaheim, California 92805
Fiolaw1@aol.com Email
(714) 635-7888 Phone
(714) 635-3323 Fax

Attorney for Plaintiff TUAN VO individually,
and on behalf of similarly situated aggrieved employees

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| TUAN VO, individually and on behalf of similarly situated aggrieved employees,<br><br>        Plaintiff,<br><br>vs.<br><br>LOANME, INC.,<br><br>        Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**CLASS ACTION**<br><br>1. **UNPAID OVERTIME WAGES** *(IWC ORDER NOS. 4-2000, 4-2001 AND LABOR CODE § 1194);*<br>2. **INADEQUATE MEAL AND REST PERIODS** *(IWC ORDER 4-2000, 4-2001 AND LABOR CODE §§ 226.7, 512);*<br>3. **UNLAWFUL DEDUCTIONS FROM WAGES EARNED** *(LABOR CODE §§ 221-223, 400-410);*<br>4. **UNFAIR COMPETITION VIOLATIONS (BUS. & PROF. CODE §§***17200-17208);*<br><br>**COLLECTIVE ACTION**<br><br>5. **FAILURE TO MAKE AND KEEP ACCURATE PAYROLL RECORDS** *(29 U.S.C. § 211(c) LABOR CODE 226, 1174-1175)*<br>6. **FAIR LABOR STANDARDS ACT** *(29 U.S.C. §§ 207(a), 216(b)).*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tuan Vo, on behalf of himself and all other aggrieved LoanMe, Inc.'s employees, complains and alleges as follows:

## I.   NATURE OF THE ACTION

1.     Plaintiff brings this lawsuit as a collective action under Section 16(b) of the Federal Fair Labor Standards Act of 1938 ("FLSA"), *29 U.S.C. §216(b)*, and as a class action pursuant to *Federal Rules of Civil Procedure, Rule 23*.  Plaintiff brings these class action claims for unpaid overtime compensation and interest thereon, compensation for missed meal and rest periods, compensation for unlawful deductions from earned wages, failure to report all earnings, injunctive and other equitable relief, and reasonable attorneys' fees and costs, under *California Labor Code §§ 203, 218.5, 221-223, 226, 226.3, 226.7, 400-410, 1194, CCP §1021.5,* and *29 U.S.C. §§ 207* and *216*, on behalf of Plaintiff and other aggrieved employees who were or are employed by Defendant LOANME, INC., at its call center located in Orange County, currently at 1900 S. State College Boulevard, Suite 300, Anaheim, CA 92806 ("Call Center") commencing January 13, 2013 to the present.  Plaintiff also seeks injunctive relief and restitution of all benefits Defendant have enjoyed from their failure to pay overtime compensation, their failure to provide adequate meal and rest periods, and their practice of making unlawful deductions from Plaintiff's wages, under *Business and Professions Code 17200-*

*17208* and *29 U.S.C. § 217.* Plaintiff also seeks declaratory relief that the

Employee Acknowledgement Forms executed by Plaintiff and similarly situated

aggrieved employees of LoanMe, Inc. are illegal, unenforceable and/or

unconscionable and/or violative of Sections 7 and 8 of National Labor Relations

Act (NLRA), by prohibiting and barring "concerted activity" of Plaintiff and

aggrieved employees of seeking legal redress through class, collective and

representative legal action through the courts for mutual aid and protection of

worker-related rights. Plaintiff also seeks to rescind the Employee

Acknowledgement Forms for himself and other aggrieved employees for the

aforementioned reasons.

## II.  JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to *28 U.S.C. §1331,* the

Federal statute in question being the Fair Labor Standards Act, *29 U.S.C. § 201,*

*et seq.,* and *28 U.S.C. §1367(a)* (supplemental jurisdiction) as to the claims

arising under State law.

3.      The United States District Court for the Central District of

California, Southern Division, is proper venue under *28 U.S.C. §1391(b)(1) and*

*(b)(2)* because Defendant LoanMe, Inc. resides in the Southern Division as

noted above, and this judicial district and division is the location where a

substantial part of the events or omissions giving rise to the claims occurred.

#680:\VO, TUAN\ CLASS ACTION COMPLAINT FOR DAMAGES (LOANME, INC.)

-3-

### III.   PARTIES

A.   *Plaintiff*

4.   Plaintiff currently resides and resided in Orange County at all relevant times.  Plaintiff Vo was employed by Defendant LoanMe as a loan agent at Defendant LoanMe's Anaheim, California Call Center from July 1, 2014 to January 15, 2016.   Similarly situated LoanMe, Inc.'s former and current employees were/are employed at LoanMe, Inc.'s call center located in Orange, California and at other locations in Orange County and/or resided/reside in Orange County.

B.   *Defendant*

5.   Defendant LoanMe, Inc., hereinafter referred to as "Loan Me", is and, at all times mentioned herein, was organized and existing under the laws of the State of Nevada with its principal place of business located at 1900 S. State College Boulevard, Suite 300, Anaheim, California. Defendant Loan Me is primarily engaged in the financial services business in California providing consumer loans or "pay day" loans, and secured home mortgages.

### IV.   CLASS ACTION ALLEGATIONS

6.   Plaintiff brings this action, on behalf of himself and all other similarly situated Loan Me's former and current loan agents, as a class action pursuant to *Federal Rules of Civil Procedure, Rule 23(a), 23(b)(1), 23(b)(2),* and *23(b)(3)*.  Plaintiff further brings those claims as a collective

action in accordance with *29 U.S.C. §216(b)*. The Class that Plaintiff seeks to represent is composed of and defined as follows:

> "All loan agents who are employed or have been employed by Defendant LoanMe, Inc. as "Loan Agents" in Defendant's Orange County, California Call Center(s) at any time between January 13, 2013 and the present."
> (L.R. 23-2.2(a))

7.    The approximate size of the proposed class is approximately 300-500 loan agents. (L.R. 23-2.2(b)).

8.    This action has been brought and may properly be maintained as a class action under *Federal Rules of Civil Procedure, Rule 23* and *Central District Court Local Rules of Court 23-2* because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

a.    <u>Numerosity</u>: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed in excess of 300 persons as loan agents in the Orange County Call Center(s) during the Class Period (January 13, 2013 through the present). Joinder of all members of the proposed class is not practicable. (L.R. 23-2.2(b))

b.    <u>Commonality</u>: There are questions of law and fact common to the Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and

fact include, without limitation:

(i)    Whether Defendant violated California Industrial Wage Order Nos. 4-98, 4-2000, 4-2001, and *Labor Code § 510* by failing to pay overtime compensation to loan agents who worked in excess of 40 hours per week and/or eight (8) hours a day.

(ii)   Whether Defendant violated *Business and Professions Code § 17200* by failing to pay overtime compensation to loan agents who worked in excess of forty (40) hours per week and/or eight (8) hours a day.

(iii)  Whether Defendant violated Wage Order 4-2000, 4-2001, and *Labor Code §§ 226.7 and 512* by failing to afford loan agents proper meal and rest periods.

(iv)   Whether Defendant violated *California Business and Professions Code § 17200* by failing to afford loan agents proper meal and rest periods.

(v)    Whether Defendant violated *California Labor Code § 1174* by failing to keep accurate records of loan agents' hours of work.

(vi)   Whether Defendant violated *California Labor Code §§ 221-223 and 400-410* by making unlawful deductions from wages earned by or due to loan agents.

(vii)  Whether Defendant violated *Business and Professions Code § 17200* by making unlawful deductions from

#680:\VO, TUAN\ CLASS ACTION COMPLAINT FOR DAMAGES (LOANME, INC.)

-6-

wages earned by or due to loan agents.

(viii)    Whether Defendant violated *Labor Code §§201-203* by failing to pay overtime wages due and owing at the time that Plaintiff and certain Class Members' employment with Defendant Loan Me terminated.

(ix)    Whether Defendant violated *Business and Professions Code § 17200* by failing to pay overtime wages due and owing at the time that Plaintiff and certain Class Members' employment with Defendant Loan Me terminated.

(x)    Whether Defendant Loan Me violated *29 U.S.C. § 207(a)(1)* by failing to pay overtime compensation for a workweek longer than forty hours.

(xi)    Whether Defendant Loan Me created and/or circulated Employee Acknowledgement Forms to prevent and prohibit Loan Me's loan agents from bringing a "concerted employee activity" for the purpose of "mutual aid and protection" under Section 7 of the National Labor Relations Act (29 U.S.C. § 158), arising from Loan Me's violation of federal and state wage and hour laws as a class, collective or representative action.

(xii)    Whether Defendant Loan Me's Employee Acknowledgement Forms, which prevented and prohibited Loan Me's loan agents from bringing a "concerted employee activity" by having the Loan agents agree to only individual activity in its

place as a condition of employment or continued employment, constituted "to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed by Section 157" ("... engage in other concerted activities for the purpose of . . . mutual aid or protection.").

(xiii)   Whether as a result of violation of Section 7 and/or Section 8 of the NLRA, Loan Me's Employee Acknowledgement Forms, which waive "concerted" collective, class or representative actions, are subject to rescission because they are illegal, unenforceable, and/or unconscionable in light of recent Ninth Circuit decisions.

(xiv)   Whether as a result of violation of Section 7 and/or Section 8 of the NLRA, Loan Me's Employee Acknowledgement Forms, which waive "concerted" collective, class or representative actions, are subject to declaratory relief and judgment because they are illegal, unenforceable, and/or unconscionable in light of recent Ninth Circuit decisions.

(xv)   Whether as a result of violation of Section 7 and/or Section 8 of the NLRA, Loan Me's Employee Acknowledgement Forms, which waive "concerted" collective, class or representative actions, defeat "a substantive federal right to pursue concerted work-related legal claims.

(xvi)   Whether the violation of Section 7 and/or Section 8

of the NLRA renders Loan Me's Employee Acknowledgement Forms, which waive "concerted" collective, class or representative actions, illegal and, thus, the Federal Arbitration Act (FAA) will not mandate its enforcement.

(xvii)   Whether the "separate proceedings" provision of the Loan Me Employee Acknowledgement forms interferes with substantive federal right protected by the NLRA's Section 7.

(xviii)   Whether injunctive relief under *29 U.S.C. §217* is warranted for Loan Me's failure to pay overtime compensation due to Plaintiff and aggrieved loan agents of Loan Me.

c.   <u>Typicality</u>:   Plaintiff's claims are typical of the claims of the Class.  Plaintiff and all members of the Class worked uncompensated overtime, off the clock, which Defendant and its management knew or should have known of such policies and practices, when its management team had previously worked for a sister company, CashCall, Inc., which had been riddled by multiple class action and individual lawsuits for unpaid overtime and meal and rest periods.  Plaintiff alleges that he formerly worked for CashCall, Inc. and was recruited to work for Defendant Loan Me by managers at CashCall, Inc.  The policies and practices of CashCall, Inc. were followed and adhered to by Loan Me, using the same compensation and tier bonus payment plans until August 2015.  Plaintiff alleges that CashCall, Inc. created Loan Me to "cleanse" its negative CashCall, Inc.'s reputation by creating a new company called Loan Me that provided the same services that

CashCall provided.   Plaintiff and class members sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

       d.     <u>Adequacy of Representation</u>:   Plaintiff is a member of the Class and will fairly and adequately represent and protect the interest of the Class Members. Counsel representing the Plaintiff is competent and experienced in litigating large wage and hour and other employment class and collective actions.

       e.     <u>Superiority of Class Action</u>:   A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of permitting, encouraging, and/or requiring loan agents to work in excess of forty (40) hours per week and/or eight (8) hours per day, without paying or just limiting the allowable overtime compensation, failing to provide proper meal and rest periods, and making unlawful deductions from wages.  Further, Class members were required to sign an Employee Acknowledgement Form that prevented and prohibited them from engaging in "concerted activity" for mutual aid and protection of work-related matters, protected under Sections 7 and 8 of the National Labor Relations Act.  Class action treatment will allow those

similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

f.     Nature of Notice to Proposed Class Required and/or Contemplated.  Plaintiff contemplates on giving notice to proposed class members through a third party administrator, such as CPT Group, whereby Defendant provides the last known address and telephone number of each loan agent, and the third party administrator sends notice to each loan agent.  It is contemplated that Defendant will pay the costs of such third party administration fees, including any skip trace costs associated with mail returns for changes of address and no contact.

## V.  COMMON FACTUAL ALLEGATIONS

9.     During Plaintiff's employment at Loan Me, Defendant have had a consistent policy of: (1) permitting, encouraging, and/or requiring their loan agents, including Plaintiff, to work in excess of eight (8) hours per day and in excess of forty (40) hours per week without paying him overtime compensation as required by California state wage and hour laws; (2) permitting, encouraging, and/or requiring their loan agents, including Plaintiff, to work in excess of five (5) hours per day without taking an adequate meal period of at least one half hour and to work in excess of ten (10) hours per day without taking a second adequate meal break of at least one half hour; (3) making unlawful deductions from wages earned by or due to Plaintiff (Industrial Welfare Order 4-2001

(IWO) 11(A) and (B); (4) willfully failing to pay compensation owing (including unpaid overtime) in a prompt and timely manner to Plaintiff; (5) willfully failing to comply with the following statutory provision: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, etc;" (6) willfully failing to comply with IWO 4-2001(7)(A) ("every employer shall keep accurate information with respect to each employee including the following: …(3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded); (7) by willfully failing to relieve Plaintiff and aggrieved employees of all duty during a 30-minute meal period away from their work stations (IWO 11(A)); and (8) by willfully failing to provide rest periods for Plaintiff and aggrieved employees working longer than 3 ½ hours of at least a 10 minute rest period per every four (4) hours or major fraction thereof worked (IWO 12).

10.    All employees were required to work 40 hours a week and were paid a base hourly rate of $10.75 for those regular 40 hours a week, plus overtime of additional 10 hours a week at 1 ½ (1.5 x) times their regular rate of

pay.  In addition, Defendant had a bonus plan that would pay loan agents a bonus based upon a "tier" program of approximately 20 levels.  Each level reached would result in an increase in their hourly pay.   However, under threat of discipline, loan agents were required to work in excess of 50 hours a week and, in many instances, loan agents, including Plaintiff, would work from 20-60 hours of overtime a week "off the clock;" hours that Defendant were aware loan agents, including Plaintiff, typically worked.  Loan agents were not required to record their time worked on the job, especially "off the clock" hours worked, but Defendant possessed Cisco System Time Steps that noted loan agents log "time-ins" and "time-outs," along with time records for transactions and notes in borrowers' respective files, including Call logs and Computer Activities logs. Defendant had an explicit policy that they would not pay any overtime in excess of 10 hours a week and an unwritten policy that loan agents were to work as many hours beyond 10 hours of overtime uncompensated.  Loan agents never signed an alternate workweek agreement in compliance with *Labor Code Sections 510 and 511*.  In those cases where loan agents reported working more than 10 hours of overtime on time records in any given pay period, those loan agents would be counseled, warned or disciplined.  However, as long as the loan agent did not report the "off the clock" hours worked, Defendant never disciplined, terminated, counseled or warned those loan agents, including

#680:\VO, TUAN\ CLASS ACTION COMPLAINT FOR DAMAGES (LOANME, INC.)

-13-

Plaintiff, essentially turning a "blind eye" to "off the clock" work, and

intentionally developed a policy, practice or procedure for not leaving any

physical or digital record of loan agents working "off the clock" so that

management and LOANME, INC. could later claim ignorance as to the "off the

clock" hours worked by loan agents, including Plaintiff and other aggrieved

employees.

11.    In August 2015, Defendant Loan Me, aware of loan agents working

in excess of 10 hours overtime a week and through the multi-faceted litigation

and rulings emanating from its sister company, CashCall, Inc., changed its

policies and practices so that a loan agent would be blocked out or "locked out"

of the computer system if that employee exceeded 60 total hours of work each

week.  Between August 2015 and Plaintiff's cessation of employment with

Defendant in January 2016, there was a change in the "tier" payment structure,

lowering the bonus payments from the model structure used by CashCall, Inc. so

that it could compensate for the lost revenue associated with having to increase

overtime compensation to 20 hours a week (lock out at 60 hours of total work a

week) rather than under CashCall, Inc.'s system of 10 hours overtime (or 50

hours of total work a week).

12.    Defendant' policy, practice and/or procedure was to subvert and

circumvent the laws' requirements that loan agents be paid all overtime worked

in excess of 40 hours a week and 8 hours a day. In any event, Plaintiff and aggrieved employees followed a on-line script provided by Defendant, processed loan applications on line, used an automated underwriting system to ascertain loan qualifications and which provided various loan packages and programs that loan agents were required to propose to prospective borrowers. Plaintiff and aggrieved employees were entitled to be paid all overtime compensation under California's wage and hour laws, including *Labor Code §1194* and California IWO 4-2000 and 4-2001.

13.    At all relevant times, Defendant did not afford Plaintiff proper meal periods, as required by *Labor Code §§226.7* and *512* and IWO 4-2001(11), along with rest periods (IWO 4-2001(12)). Plaintiff VO is owed an additional hour of pay at his regular rate for each day he did not take lawful meal or rest periods.

14.    At all relevant times, Defendant have made a practice of deducting amounts from wages earned by or due to Plaintiff VO in violation of *Labor Code §§ 221-223 and 400-410*. Plaintiff is entitled to recovery of the unlawfully deducted wages.

15.    Defendant have willfully failed and refused, and continue to fail and refuse, to timely pay wages due for overtime compensation to Plaintiff VO at the conclusion of his employment with Defendant, entitling Plaintiff to

statutory penalties under *Labor Code §§ 201-203.*

## V.  FACTUAL BACKGROUND

16.     Defendant Loan Me operate and, at all times during the liability period, has done business in Orange County and elsewhere within California. At the Orange Call Center, Defendant has, among other things, originated, serviced, sold, transferred and assigned consumer loans and "payday" loans, along with secured home mortgages.  In the course of his employment with Defendant, Plaintiff has pre-qualified borrowers, sold loans and processed applications.

17.     The practices and policies that are complained of herein were enforced against in excess of 300-500 loan agents employed at Defendant Loan Me's Orange Call Center within the State of California during the relevant liability period.

18.     Plaintiff employed at Loan Me worked more than 50 hours per week and was only paid overtime pay for 10 hours maximum. Additionally, if Plaintiff and aggrieved employees were to clock in incorrectly or there were any discrepancies about their time card or the hours they worked, they would be penalized and would be denied the 10 hours of overtime pay completely.

19.     Plaintiff is covered and/or has been covered by California Industrial Welfare Commission Occupational Wage Orders Nos. 4-2000 and 4-2001, *8 Cal. Code of Reg. §11040* (hereinafter collectively "Wage Orders").  These

Wage Orders require employers to pay employees 1 ½ times their normal hourly rate for hours worked in excess of eight (8) per day and in excess of forty (40) per week, and at twice the normal hourly rate for hours worked in excess of twelve (12) per day and eight (8) on the seventh day worked in a work week. Defendant, at all times mentioned herein, intentionally failed to pay all overtime compensation earned by Plaintiff VO and aggrieved employees and failed to obtain Plaintiff VO'S agreement or consent to any fluctuating workweek (FWW) and to pay all overtime required for work performed in excess of 10 hours of overtime a week in order to avail themselves of the *29 C.F.R. § 778.114(a)*.

20.    At all relevant times, Plaintiff and aggrieved employees have regularly worked in excess of five (5) hours a day without being afforded a meal period of at least a half-hour in which they were relieved of all duties.  He has also regularly worked at least ten (10) hours a day without receiving a second meal period of at least a half hour in which he was relieved of all duties. Plaintiff and aggrieved employees have worked in excess of 4 hours a day without being provided a 10-minute rest period.  Plaintiff and other aggrieved employees have worked an 8-hour work period without being provided at least a 20-minute rest period in the aggregate or two 10-minute rest periods. Defendant have known these facts and permitted, encouraged and/or required loan agents,

including Plaintiff VO, to forego these meal and/or rest periods. Plaintiff did not fall within any exemption to the meal or rest period requirements of the Labor Code and applicable wage orders.

21.  At all relevant times, Defendant have deducted sums earned by or due to Plaintiff Vo for many reasons, including, but not limited to, discrepancies in his time records or working in excess of 10 hours of overtime per week.

22.  Defendant Loan Me utilized Employee Acknowledgement Forms that required Loan Me employees to sign, which were used to violate the Fair Labor Standards Act, the California Labor Code, the Industrial Welfare Order 4-2001, NLRA, and the DOL Administrative Interpretation No. 2010-1, as well as the public policies that support these enactments, whereby employees would surrender or waive their legal rights to assert claims for failure to pay overtime compensation in a civil forum, in a representative, collective or class capacity.

23.  The implementation and the requirement that new hires sign the Loan Me Employee Acknowledgement Forms as a condition of employment, the Loan Me Employee Acknowledgement Form constitutes an unlawful contract in violation of *Civil Code Section 1667(1)* as "contrary to an express provision of law" and *Civil Code Section 1667(2)* as "contrary to the policy of express law, though not expressly prohibited."

24.  Additionally, the Loan Me Employee Acknowledgement Form was

such a contract, which had for its object, directly or indirectly, to avoid or

exempt Defendant Loan Me from responsibility and liability for its willful

injury to the person or property (wages) of another, and the violation of law,

whether willful or negligent, as against the policy of the law.  See *Civil Code §*
*1668.*

25.   As part of Defendant Loan Me's policies and procedures, Defendant

Loan Me presented the Loan Me Employee Acknowledgement Form to new

hires, failing to inform new hires of the substance of the Form as waiving a jury

trial right, a civil action, and the right to act as a class representative in any

employment dispute, including wage and hour violations.  The Form was

hidden in groups of papers that new hires were required to sign as part of the

"employment documents" without providing the employees sufficient time to

review the documentation or to provide them an opportunity to consult an

attorney as to what they were signing, nor did Defendant Loan Me provide any

form of explanation as to the waivers and acknowledgement.

26.   The Loan Me Employee Acknowledgement Form was unlawful and

procedurally and substantively unconscionable under *Civil Code Section*
*1670.5.*  As a result, the Acknowledgement Form or the terms set forth therein,

and each of them, is unenforceable.

27.    Further, the Loan Me Employee Acknowledgement Form allows

Loan Me's unlawful activity to hide behind the confidential nature of arbitration. Under JAMS, Rule 17, absent an agreement by the parties to the contrary or an order from the arbitrator, Plaintiff is only entitled to one deposition; whereas, there is no limitation on the number of depositions that can be taken at the Superior Court level and a 10-deposition limit at the Federal level. The limitation on the number of depositions works to the advantage of the Defendant who have better access to witnesses and documents; whereas, employees are required to take depositions to succeed with their wage and hour and discrimination cases. Leaving it up to the discretion of the arbitrator or agreement of the parties reduces Plaintiff's equal access to discovery and investigation and cripples his chances of success based upon the inherent flaws in JAMS arbitration process in the context of proving the alleged claims.

28.    Plaintiff hereby give notice through the service of this Complaint that if he had executed said Loan Me Employee Acknowledgement Form, that he now rescinds, and seeks to rescind on behalf of aggrieved employees the Loan Me Employee Acknowledgement Forms, and each term set forth therein, because it is unlawful, illegal, a violation of public policy, and procedurally and substantively unconscionable in accordance with *Civil Code Section 1689*, and violative of Sections 7 and 8 of the NLRA.

29.    Even if Plaintiff Vo signed the Loan Me Employee

Acknowledgement Form, there is no clear and unmistakable evidence that Plaintiff agreed to arbitrate all employment disputes, waiving his rights to a jury trial, civil trial, and to act an class representative in a collective or class action. Plaintiff did not have a say in or participated in negotiating the Loan Me Employee Acknowledgement Form. It was solely created by Defendant Loan Me and its attorneys. There was no equal bargaining position or mutuality of the agreement. Thus, the Acknowledgement Form was an "adhesion contract."

30. The Loan Me Employee Acknowledgement Form was a standardized contract that Plaintiff had no ability to negotiate. Defendant Loan Me had a superior bargaining position.

**FIRST CAUSE OF ACTION**

**Unlawful Failure to Pay Required Overtime**

*(Wage Orders 4-2000, 4-2001; Labor Code §1194)*

31. Plaintiff incorporates paragraphs 1 through 30 as though fully set forth herein.

32. By their failure to pay overtime compensation as alleged above, Defendant have violated and continue to violate the provisions of IWO 4-2000 and 4-2001, which require overtime compensation to non-exempt employees.

33. By failing to keep accurate time records required by *Labor Code §§ 226, 226.3, and 1174(d)*, IWO 7(A)(3), (4), (5), IWO 7(B), Defendant have

made it difficult to calculate the overtime compensation due Plaintiff, although

Plaintiff is informed and believes that Defendant have time records of the actual

time loan agents "timed-in" and "timed-out," and other records to show

Defendant knew or should have known how many hours Plaintiff Vo actually

worked on each occasion.

34.    Plaintiff requests relief as described below.

## SECOND CAUSE OF ACTION

## Unlawful Failure to Provide Adequate Meal And Rest Periods

### *(Labor Code Sections 226.7, 512; Wage Order No. 4-2000, 4-2001(11)*

### *And (12)*

35.    Plaintiff hereby incorporates by reference Paragraphs 1 through 34

above as though fully set forth herein.

36.    Plaintiff and aggrieved employees regularly work in excess of five

(5) and ten (10) hours a day without being afforded at least half-hour meal

periods in which they were relieved of all duties, as required by *Labor Code*

*§§226.7 and 512* and Wage Order Nos. 4-2000, 4-2001 11(A).

37.    Because Defendant failed to afford proper meal and rest periods,

they are liable to Plaintiff and aggrieved employees for one hour of additional

pay at the regular rate of compensation for each workday that the proper meal

periods were not provided, pursuant to *Labor Code §226.7* and Wage Order No.

#680:\VO, TUAN\ CLASS ACTION COMPLAINT FOR DAMAGES (LOANME, INC.)

-22-

4-2001, Section 11(B).

38.    Defendant failed to relieve Plaintiff and aggrieved employees of all duty during the 30-minute meal period as required by IWO 11(A).  Failure to relieve Plaintiff and aggrieved employees of all duty shall be "considered an "on duty" meal period and counted as time worked." IWO 11(A).

39.    Plaintiff and aggrieved employees worked without rest periods, as required by IWO (12) of a 10-minute rest period for every 4 hours worked, resulting in a total 20-minute rest period for an 8 hour work shift.  Defendant knew or reasonably should have known that Plaintiff and aggrieved employees were working during the meal period, and, therefore, Defendant is liable for payment of Plaintiff and aggrieved employees' regular or overtime wage for that time worked.

40.    Defendant failed to relieve Plaintiff and aggrieved employees of all duty during the 10-minute rest period for every 4 hours worked as required by IWO 12(A).

41.    Plaintiff and aggrieved employees are entitled to recover 1 hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period was not provided. *IWO 11(B) and 12(B), Labor Code §* *226.7(c)*.

42.    Plaintiff requests relief as described below.

## THIRD CAUSE OF ACTION

### Unlawful Deductions from Wages Earned by Employees

#### *(Labor Code Sections 221-223 and 400-410)*

43.    Plaintiff hereby incorporates by reference Paragraphs 1 through 42 above as though fully set forth herein.

44.    *Labor Code §§221-223 and 400-410* make it unlawful for an employer to make deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or by the culpable negligence of the employees.

45.    Defendant has made and continues to make unlawful deductions from loan agents' wages for business losses that were not caused by any dishonest or willful acts or culpable negligence on the part of the loan agents. One of the primary reasons for the deductions was to punish loan agents for working in excess of 10 hours of overtime a work.  As a result, Defendant is liable to Plaintiff for the amounts unlawfully deducted.

46.    Plaintiff requests relief as described below.

# FOURTH CAUSE OF ACTION

## Unfair Competition

### *(Bus. & Prof. Code Sections 17200-17208)*

47.    Plaintiff incorporates Paragraphs 1 through 46 as though fully set forth herein.

48.    Defendant' failure to pay legally required overtime compensation under the Wage Orders and under *Labor Code §§201-202,* failure to provide legally required meal periods, failure to keep proper time records under *Labor Code §1174,* and practice of making unlawful deductions from the Plaintiff's wages in violation of *Labor Code §§221-223 and 400-410,* as alleged above, and use of Loan Me Employee Acknowledgement Form to obtain waivers from Plaintiff and aggrieved employees to bring collective, class or representative actions for protected work-related rights violated "concerted activity" protected under Sections 7 and 8 of the NLRA, constitute unlawful activity prohibited by *Business and Professions Code §17200.*

49.    As a result of their unlawful acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and other loan agents. Defendant should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff and aggrieved employees the wrongfully withheld wages, interest, pursuant to *Business and*

*Professions Code §17203.*

50.    Plaintiff requests relief as described below.

## FIFTH CAUSE OF ACTION

### Violation of FLSA Recordkeeping Requirements

### *(29 U.S.C. § 211(c, Labor Code §§ 226, 1174-1175)*

51.    Plaintiff realleges and incorporates herein, and Paragraphs 1-30 and 32-41 as though fully set forth hereat.

52.    Plaintiff brings this action on behalf of himself and other similarly situated aggrieved employees for Defendant Loan Me's violation of 29 U.S.C. § 211(c) and California Labor Code Sections 226, 1174-1175, for failure to make and keep accurate records for Loan Me loan agents' wages, hours, and other conditions of employment.

53.    29 U.S.C. Section 211(c) (in part) provides: "Every employer subject to any provision of this Chapter or of any order issued under this Chapter shall make, keep, and preserved such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment."

54.    Labor Code Section 226(a) provides in part: "Every employer ... shall furnish to his or her employee . . . an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee ..."

55.    Plaintiff and similarly situated aggrieved employees for Defendant

Loan Me worked "off the clock" with the knowledge of management in order to achieve additional compensation under the CashCall's implemented Tier program that was utilized by Loan Me.  Management at Loan Me knew or should have known with reasonable investigation on its part, especially when providing new hires with toothpaste and a toothbrush at hiring as part of the orientation package, that Loan agents were going to be working late at night in order to achieve production requirements of Loan Me, which could lead to disciplinary action including termination if not met.

56.    Loan Me through its management did not record the "off the clock" hours worked by Plaintiff and similarly situated aggrieved employees and did so intentionally and willfully to avoid paying certain payroll taxes and overtime compensation to assure its competitive edge in the loan industry and realize increased profitability.

57.    As a result of the failure of Loan Me to comply with 29 U.S.C. § 211(c) and Labor Code Sections 226(a), 1174(d), 1174.5 and 1175, Plaintiff and similarly situated aggrieved employees seek the following relief:

a.    That Plaintiff and each similarly situated aggrieved employee be deemed to have suffered injury from the inaccurate records maintained by Defendant Loan Me (Labor Code Section 226(e)(2)(B))

b.    Plaintiff seeks injunctive relief to enjoin Loan Me's policy or

practice of ignoring "off the clock" work performed by current Loan Me loan agents and not properly and accurately reporting hours worked;

       c.      Penalties of $50 for initial pay period in which the violation occurred and $100 per employee for each violation in a subsequent pay period not exceeding $4,000;  (Labor Code Section 226(e)(1)(a))

       d.      For reasonable attorney's fees and costs. (Labor Code Section 226(e)(1)(a))

## SIXTH CAUSE OF ACTION

### Violation of Fair Labor Standards Act

### *(29 U.S.C. §§ 207(a) and 216(b))*

58.    Plaintiff realleges and incorporates herein, and Paragraphs 1-30 and 32-41, 52-57 as though fully set forth hereat.

59.    Plaintiff brings this action on behalf of himself and other similarly situated aggrieved employees to recover overtime compensation, interest, liquidated damages, attorney's fees, and costs, under the provisions of Section 16(b) of the Fair Labor Standards Act of 1938, as amended *(29 U.S.C. §216(b)),* hereinafter referred to as the ACT.

60.    Jurisdiction of this action is conferred on this court by Section 16(b) of the Act *(29 U.S.C. §216(b))*.  Under Section 16(b) of the ACT, an action for overtime compensation under Section 6 and 7 of the ACT involves a

federal question that invokes the jurisdiction of the federal court.

61.    Plaintiff prays for judgment be entered against Defendant Loan Me in the amount respectfully due to Plaintiff and aggrieved employees for overtime compensation, in addition to liquidated damages or interest as the court may determine, and costs under the provisions of the Fair Labor Standards Act of 1938, as amended, and that this court also allow a reasonable attorney's fee to be paid by the Defendant Loan Me to Plaintiff's attorney.

62.    As a proximate result of the violations of the FSLA, Plaintiff and aggrieved employees seek the recovery of back pay, an equal amount of liquidated damages, injunctive relief, interest and attorney's fees pursuant to *29 U.S.C. §216(b)*.  Liquidated damages equal to the amount of the wages due must be awarded for FSLA violation unless the employer proves that it acted in good faith and had reasonable ground to believe its conduct did not violate FSLA. *29 U.S.C. Sections 216(b) and 260.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and on behalf of similarly situated aggrieved employees, requests the following relief:

## FOR ALL CAUSES OF ACTION

A.    That the Court declares that Defendant has violated the overtime provisions of *Labor Code §1194* and Wage Orders 4-2000 and 4-2001 as to the

Plaintiff and similarly situated aggrieved employees;

B.    That the Court declares that Defendant has violated the record-keeping provisions of 29 U.S.C. § 211(c) and *Labor Code §1174(d)* and Section 7 of the Wage Orders as to Plaintiff and similarly situated aggrieved employees;

C.    That the Court declares that Defendant has violated *Labor Code §§226.7, 512* and Wage Order Nos. 4-2001(11) by failing to afford Plaintiff and similarly situated aggrieved employees of adequate meal periods;

D.    That the Court declares that Defendant has violated *Labor Code §§226.7, 512* and Wage Order Nos. 4-2001(12) by failing to afford Plaintiff and similarly situated aggrieved employees of adequate rest periods;

E.    That the Court declares that Defendant has violated *Labor Code §§211-223 and 400-410* by making unlawful deductions from wages earned by or due to the Plaintiff and similarly situated aggrieved employees;

F.    That the Court declares that Defendant has violated *Labor Code §§201, 202 and 203* for willful failure to pay all compensation owed at the time of Plaintiff Vo and similarly situated aggrieved employees leaving their employment with Loan Me;

G.    That the Court declares that Defendant has violated *Business and Professions Code §17200* by failing to pay Plaintiff Vo and similarly situated aggrieved employees overtime compensation, by failing to keep proper time

records, by failing to afford Plaintiff Vo adequate meal and rest periods, by making unlawful deductions from Plaintiff Vo's wages, by failing to keep accurate information with respect to each employee concerning "time records showing when the employee begins and ends each work period," "total hours worked in the payroll period," and by making this information readily available to the employee upon reasonable request. (IWO 7, 11, and 12; and

H.      That the Court declares that Defendant' violations as described above are found to have been willful;

I.      That the Court awards to Plaintiff and similarly situated aggrieved employees of damages and/or restitution for the amount of unpaid overtime compensation, unpaid compensation for meal and rest periods and unlawful deductions, including interest thereon (in accordance with *Labor Code Section 218.6, Civil Code Section 3289(b)*), and penalties, in an amount according to proof, the exact amount to be ascertained at time of trial or default prove-up.

J.      That Defendant further be enjoined to cease and desist from unlawful activities in violation of *Business and Professions Code §17200*;

K.      That Plaintiff be awarded reasonable attorneys' fees and costs pursuant to Labor *Code §§218.5,* 226(e)(1)(a), and *1194, Code of Civil Procedure §1021.5,* under *29 U.S.C. § 216(b,)* and/or other applicable law;

L.      An award to Plaintiff and similarly situated aggrieved employees of damages for the amount of unpaid overtime compensation, including interest thereon, liquidated damages, and penalties in accordance with *28 U.S.C. §216(b)* in an amount according to proof at trial, the exact amount to be ascertained at time of trial or default prove-up;

M.      Rescind, revoke, invalidate, and declare that the Loan Me Employee Acknowledgement Forms in effect between January 1, 2013 through the present are unenforceable, illegal, unconscionable, and unlawful in violation of law or the public policy in support of the law;

N.      That the Court declare Defendant Loan Me failed to make and keep accurate payroll records of hours worked by Plaintiff and similarly situated aggrieved employees as required by 29 U.S.C. § 211(c) and Labor Code Sections 226, 1174-1175.

O.      As a result of the failure of Loan Me to comply with 29 U.S.C. § 211(c) and Labor Code Sections 226(a), 1174(d), 1174.5 and 1175, Plaintiff and similarly situated aggrieved employees seek the following relief:

a.      That Plaintiff and each similarly situated aggrieved employee be deemed to have suffered injury from the inaccurate records maintained by Defendant Loan Me (Labor Code Section 226(e)(2)(B));

#680:\VO, TUAN\ CLASS ACTION COMPLAINT FOR DAMAGES (LOANME, INC.)

-32-

b.      Plaintiff seeks injunctive relief to enjoin Loan Me's policy or practice of ignoring "off the clock" work performed by current Loan Me loan agents and not properly and accurately reporting hours worked;

c.      Penalties of $50 for initial pay period in which the violation occurred and $100 per employee for each violation in a subsequent pay period not exceeding $4,000;  (Labor Code Section 226(e)(1)(a))

P.      That the Court award such other and further relief as this Court may deem appropriate.

DATED:  January 16, 2017

                          /s/   Dale M. Fiola
                          DALE M. FIOLA
                          Attorney for Plaintiff
                          TUAN VO and similarly situated
                          Aggrieved Employees

## **DEMAND FOR JURY TRIAL**

Plaintiff for himself and similarly situated aggrieved employees hereby demands a trial by jury on all causes of action.

DATED:  January 16, 2017

/s/   Dale M. Fiola
DALE M. FIOLA
Attorney for Plaintiff
TUAN VO and similarly situated
Aggrieved Employees