UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-00072 AG (DFMx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | TUAN VO V. LOANME, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**  [IN CHAMBERS] ORDER REGARDING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR ORDER REQUIRING COURT NOTIFICATION AND APPROVAL OF ANY PAGA SETTLEMENT

Plaintiffs Tuan Vo, Tam Van, Cayla Souvanna, Saif Mastan, and Carlos Salazar brought this putative class action lawsuit against Loanme, Inc. in January 2017. The First Amended Complaint ("FAC") alleges four claims under the Private Attorney General Act (Cal. Labor Code § 2699.3(a)(2)(C) ("PAGA") for: (1) unpaid overtime wages, (2) inadequate meal and rest periods, (3) unlawful deductions from wages, and (4) unfair competition. The FAC also alleges two non-PAGA claims for (5) failure to make and keep accurate payroll and (6) recovery of overtime fees and other damages under the Fair Labor Standards Act (29 U.S.C. §§ 211, 216) ("FLSA").

Plaintiffs are former employees of LoanMe, Inc. and worked at a call center located in Orange County, California. (FAC (Dkt. 11) at ¶¶ 7-12.) LoanMe provides consumer loans and secured home loans. (*Id.* at ¶ 13.) Plaintiffs allege that they regularly worked more than 50 hours per week "off the clock" and "under threat of discipline," but were paid a maximum of 10 hours per week in overtime wages. (*Id.* at ¶¶ 16, 21.) Plaintiffs also allege that LoanMe denied them meal and rest periods during the work day and deducted money due to Plaintiffs for purported discrepancies in their time records and other unsupported reasons. (*Id.* at ¶ 19.)

LoanMe presented all employees with an Employee Acknowledgement Form that required certain disputes to be arbitrated. (*Id.* at ¶ 29.) Plaintiffs disputed the validity of those agreements. On August 3, 2018, the Court granted LoanMe's Motion to Compel Individual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-00072 AG (DFMx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | TUAN VO V. LOANME, INC. | | |

Arbitration and Dismiss the Class and Collective Claims (Dkt. 9.) The Court stayed the PAGA claims, the only claims not subject to compelled arbitration. LoanMe now moves to dismiss the PAGA claims under Federal Rules 12(b)(6) and 12(b)(1). (Dkt. 43.)

1. **STANDARDS**

    1.1    **12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." With that liberal pleading standard, the purpose of a motion under Rule 12(b)(6) is "to test the formal sufficiency of the statement of the claim for relief." 5B C. Wright & A. Miller, Federal Practice and Procedure § 1356, p. 354 (3d ed. 2004). When "the running of the statute of limitations is apparent on the face of the complaint," dismissal is proper for failure to state facts supporting a cognizable legal theory. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

    1.2    **PAGA**

PAGA, effective January 1, 2004, permits individuals to bring private actions against an employer for civil penalties under specified sections of the Labor Code. Cal. Lab. Code § 2699(a). "The act authorizes a representative action only for the purpose of seeking statutory penalties for Labor Code violations (Lab. Code, § 2699, subds. (a), (g)), and an action to recover civil penalties is fundamentally a law enforcement action designed to protect the public and not to benefit private parties." *Arias v. Super. Ct.*, 46 Cal. 4th 969, 986 (2009). PAGA claims are restricted by a one-year statute of limitations under California Code of Civil Procedure § 340(a). *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-00072 AG (DFMx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | TUAN VO V. LOANME, INC. | | |

## 2. JUDICIAL NOTICE

LoanMe asks the Court to take judicial notice of Plaintiff Tuan Vo's correspondence with the Labor and Workforce Development Agency (LWDA). (Dkt. 43-2.) Because Plaintiffs' complaint provides February 10, 2017 as the date that Vo notified the LWDA of alleged violations of the Labor Code – and the parties do not dispute that date – judicial notice of this correspondence is not necessary to the following statute of limitations analysis. The Court declines to take judicial notice.

## 3. ANALYSIS

### 3.1    12(b)(6)

LoanMe argues that Plaintiffs' claims are barred by the statute of limitations and thus fail to state a claim under Federal Rule 12(b)(6).  The Court agrees.

California Code of Civil Procedure § 338(a) imposes a one-year statute of limitations for "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation." Because PAGA entails recovery of civil penalties, PAGA claims fall within § 338(a), and California federal courts have consistently applied a one-year statute of limitations. *See Thomas*, 527 F. Supp. 2d at 1007; *Slay v. CVS Caremark Corp.*, No. CV 14-1416-TLN (GSAx), 2015 WL 2081642, at *5 (E.D. Cal. May 4, 2015); *Estate of Harrington v. Marten Transport, Ltd.*, No. CV 15-1419-MWF (ASx), 2017 WL 5513635, at *3 (C.D. Cal., Nov. 6, 2017).

Plaintiffs do not cite any pertinent law justifying a longer statute of limitations for PAGA claims. And the Court is not convinced by their arguments regarding the limitations statute for collection actions brought by the Division of Labor Standards Enforcement (Cal. Labor Code § 200.5), rather than by private citizens under PAGA. Though Plaintiffs' argument is creative, the plain language of Section 200.5 is clear, and there is no suggestion that it applies here. Section 200.5 provides a three-year statute of limitations for *collection* actions brought by the DLSE, from the date that a relevant penalty or fee becomes final. *See* Cal. Labor Code § 200.5(a). This case does not involve collection of a penalty by the DLSE, but liability under the Labor Code and PAGA. The one-year statute of limitations for PAGA claims has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-00072 AG (DFMx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | TUAN VO V. LOANME, INC. | | |

well established in California federal district court cases, including in *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003 (2007). The Court sees no basis to deviate from that line of cases or to certify the statute of limitations issue to the Ninth Circuit. As LoanMe convincingly argued at the hearing, there are many open issues surrounding PAGA, but the statute of limitations is not one of them.

Exhausting the administrative procedures set forth in Labor Code § 2699.3 is a prerequisite to bringing a PAGA claim. *See Thomas*, 527 F. Supp. 2d at 1007. To avoid a time bar, a PAGA plaintiff must start administrative proceedings with the LWDA within one year of the alleged violation. *See, e.g., Soto v. Castlerock Farming & Transport Inc.*, No. CIV-F-09-0701 AWI JLT, 2012 WL 1292519, at *5-6 (E.D. Cal. Apr. 16, 2012) ("LWDA notice must be filed within the year of the violation; the notice will not relate back to a complaint filed within the one-year limitations period).

The purported PAGA representative in this case, Plaintiff Tuan Vo, alleges he was employed by LoanMe until January 15, 2016. (FAC at ¶ 7.) Vo filed this putative class action against LoanMe in federal court on January 16, 2017, so one year and a day after his employment ended. Putting aside that this court filing was itself one day past the limitations period, Vo had not started administrative proceedings with the LWDA at that point. So he could not bring a PAGA claim. Plaintiffs admit Vo did not serve notice on the LWDA until February 10, 2017, twenty-six days after the statute had run. (*Id.* at ¶ 51.)

Plaintiffs counter that their PAGA claims relate back to the original filing date of the complaint on January 16, 2017. They cite *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1199 (2008), which states that "if an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint. . . ." *Amaral* is not on point. It addresses the effect on the statute of limitations of amending a complaint, not the effect of filing a complaint before starting the prerequisite administrative proceedings. Plaintiffs also assert that Vo's notice to the LWDA is imputed to the other named Plaintiffs. (Opp. (Dkt. 44) at 11-12.) This is irrelevant if Vo's notice itself was untimely. And in any case, even the complaint filed in federal court was filed a day after the statute of limitations had run. (Dkt. 1.) So based on Plaintiffs' own theory that their PAGA claims relate back to the filing of their complaint in this Court, those claims were time barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 17-00072 AG (DFMx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | TUAN VO V. LOANME, INC. | | |

### 3.2    Leave to Amend

If a court dismisses a complaint, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts,'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)), or "if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citation omitted). Because the date that Vo served notice on the LWDA is stated in the FAC and not disputed by the parties, the statute of limitations analysis is a purely legal one. There are no facts that Plaintiffs could allege to alter the outcome. Thus, leave to amend is not appropriate.

### 3.3    Plaintiffs' Motion for Order Requiring Court Approval of Any Settlement Involving PAGA Claims

The dismissal of the PAGA claims moots Plaintiffs' motion for an order requiring court approval of any settlement involving those claims while they are stayed. Plaintiffs' concern is that LoanMe might "utilize a private arbitration not involving one of the named Plaintiffs, not ordered into arbitration by this Court, as the vehicle to settle a collective PAGA action. . . ." (Dkt. 42 at 4; *see also* Dkt. 42-1 at 7-8.)  As there is no longer any PAGA action to settle, that concern is moot. The Court DENIES Plaintiffs' motion.

Any arguments not specifically addressed in this order were found to be either unpersuasive or unnecessary to the Court's ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 17-00072 AG (DFMx) | Date | September 24, 2018 |
|---|---|---|---|
| Title | TUAN VO V. LOANME, INC. | | |

## 4.  DISPOSITION

The Court DISMISSES Plaintiffs' PAGA claims (First, Second, Third, and Fourth Claims) without leave to amend. The Court does not need to address LoanMe's additional arguments for dismissal under 12(b)(1). The Court DENIES Plaintiffs' Motion for Order Requiring Court Notification and Approval of Any Settlement Involving PAGA Claims.

:  0

Initials of Preparer     lmb